UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ABRAHAM "AVI" MIRMAN,                  :
                                        :     Case 18-CV-01405(DAB)
                                        :
                                        :     **ANSWER**
                Plaintiff,              :
                                        :     **JURY TRIAL DEMANDED**
       -against-                        :
                                        :
EXECUTIVE RISK INDEMNITY, INC.,         :
                                        :
                Defendant.              :
------------------------------------------------------------x

Defendant, EXECUTIVE RISK INDEMNITY, INC. ("Executive Risk"), by its attorneys, LONDON FISCHER LLP, as and for its Answer to the Complaint by Plaintiff ABRAHAM "AVI" MIRMAN ("Mirman") filed February 16, 2018 (the "Complaint"), states as follows:

**PRELIMINARY STATEMENT**

1. Executive Risk denies those portions of paragraph "1" that constitute allegations to which a response is required. Executive Risk issued Policy No. 8210809 to Mirman's employer, John Thomas Financial, for the policy period October 6, 2012 to October 6, 2013 (the "Policy"). Mirman has sought coverage under the Policy in connection with an investigation by the Securities and Exchange Commission ("SEC Investigation") and a civil action, *SEC v. Genovese, et al.* 1:17-cv-05821, pending against him in this District (the "SEC Action"). Executive Risk has denied coverage for the SEC Investigation and the SEC Action because, *inter alia,* coverage is precluded by the "General E&O Exclusion" and the Securities Claims exclusions of the Policy.

2. Executive Risk disputes plaintiff's characterization of the SEC Action and denies those portions of paragraph "2" that constitute allegations to which a response is required. Executive Risk respectfully refers the Court to the Complaint filed in the SEC Action and the pleadings and proceedings therein.

3. Executive Risk denies each and every allegation contained in paragraph "3" of the Complaint.

4. Executive Risk denies each and every allegation contained in paragraph "4" of the Complaint.

**THE PARTIES**

5. Executive Risk denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint, except to admit that Mirman has represented himself as a registered securities broker employed by John Thomas Financial and as the "head of JTF's Investment Banking Department."

6. Executive Risk admits that it is a Delaware Corporation with its principal place of business in New Jersey, that it is authorized to sell and write insurance in New York State and that it conducts, and has conducted, substantial insurance business in New York State.

**JURISDICTON AND VENUE**

7. Executive Risk admits, upon information and belief, the jurisdictional allegations in paragraph "7" of the Complaint.

8. Executive Risk admits, upon information and belief, the jurisdictional allegations in paragraph "8" of the Complaint.

**FACTUAL BACKGROUND**

9. Executive Risk denies having knowledge or information sufficient to form a belief regarding the intention of the policyholder in purchasing the Policy, as alleged in paragraph "9" of the Complaint, disputes plaintiff's characterization of the scope of coverage afforded by the Policy, disputes that any policyholder could have reasonably expected the Policy to provide such coverage, and respectfully refers the Court to the terms and conditions of the Policy.

10. Executive Risk denies each and every allegation contained in paragraph "10" of the Complaint and respectfully refers the Court to the terms and conditions of the Policy.

11. Executive Risk denies each and every allegation contained in paragraph "11" of the Complaint and respectfully refers to the Court to the terms and conditions of the Policy.

12. Executive Risk denies each and every allegation contained in paragraph "12" of the Complaint, except to admit that the Policy contains the quoted language and respectfully refer the Court to the terms and conditions of the Policy.

13. Executive Risk denies each and every allegation contained in paragraph "13" of the Complaint, except to admit that the Policy contains the quoted language and respectfully refer the Court to the terms and conditions of the Policy.

14. Executive Risk denies each and every allegation contained in paragraph "14" of the Complaint, except to admit that the Policy contains the quoted language and respectfully refer the Court to the terms and conditions of the Policy.

15. Executive Risk denies each and every allegation contained in paragraph "15" of the Complaint, except to admit that the Policy contains the quoted language and respectfully refer the Court to the terms and conditions of the Policy.

16. Executive Risk denies each and every allegation contained in paragraph "16" of the Complaint, except to admit that the Policy contains the quoted language and respectfully refer the Court to the terms and conditions of the Policy.

17. With respect to paragraph "17" of the Complaint, Executive Risk admits that the "General E&O Exclusion" contained in Endorsement No. 2 to the Directors & Officers Liability Coverage Section of the Policy precludes coverage for the SEC Investigation and the SEC Action and respectfully refers the Court to the terms and conditions of the Policy.

18. With respect to paragraph "18" of the Complaint, Executive Risk admits that Section III(A)(9) of the Directors & Officers Liability Coverage Section of the Policy precludes coverage for the SEC Investigation and the SEC Action and respectfully refers the Court to the terms and conditions of the Policy.

19. Executive Risk denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the Complaint, except to admit that Executive Risk received a copy of a formal Order of Investigation from the SEC, styled *In the Matter of Liberty Silver* NY-8844 and dated October 19, 2012, from a representative of plaintiff.

20. With respect to paragraph "20" of the Complaint, Executive Risk denies plaintiff's characterization of the "facts which precipitated the SEC Investigation," admits

that plaintiff is a defendant in the SEC Action and respectfully refers the Court to the pleadings and proceedings therein.

21. With respect to paragraph "21" of the Complaint, Executive Risk denies plaintiff's characterization of the SEC Action and respectfully refers the Court to the pleadings and proceedings therein.

22. With respect to paragraph "22" of the Complaint, Executive Risk denies plaintiff's characterization of the SEC Action and respectfully refers the Court to the pleadings and proceedings therein.

23. Executive Risk admits that paragraph "23" of the Complaint accurately identifies the causes of action asserted against plaintiff in the SEC Action and respectfully refers the Court to the pleadings and proceedings therein.

24. With respect to paragraph "24" of the Complaint, Executive Risk denies plaintiff's characterization of the SEC Action and respectfully refers the Court to the pleadings and proceedings therein.

25. With respect to paragraph "25" of the Complaint, Executive Risk denies plaintiff's characterization of the SEC Action and respectfully refers the Court to the pleadings and proceedings therein.

26. Executive Risk denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of the Complaint.

27. Executive Risk denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

28. Executive Risk denies each and every allegation contained in paragraph "28" of the Complaint, except to admit that Executive Risk denied coverage for the SEC

Investigation and the SEC Action on the bases of the terms and conditions of the Policy and including (a) the "General E&O Exclusion" contained in Endorsement No. 2 of the Policy and (b) Section III(A)(9) of the Policy.

29. With respect to paragraph "29" of the Complaint, Executive Risk admits that the "General E&O Exclusion" contained in Endorsement No. 2 of the Directors & Officers Liability Section of the Policy precludes coverage for SEC Investigation and the SEC Action.

30. Executive Risk denies each and every allegation contained in paragraph "30" of the Complaint.

31. Executive Risk denies each and every allegation contained in paragraph "31" of the Complaint.

32. With respect to paragraph "32" of the Complaint, Executive Risk admits that Section III(A)(9) of the Directors & Officers Liability Coverage Section of the Policy precludes coverage for the SEC Investigation and the SEC Action.

33. Executive Risk denies each and every allegation contained in Paragraph "33" of the Complaint and respectfully submits all questions of law to the Court.

34. Executive Risk admits each and every allegation contained in paragraph "34" of the Complaint.

**FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT-DUTY TO DEFEND)**

35. With respect to the reallegations contained in paragraph "35" of the Complaint, Executive Risk repeats and realleges each and every above denial and other response to the allegations contained in paragraph "1" through "34" of the Complaint as if fully set forth at length herein.

36. Executive Risk denies each and every allegation contained in paragraph "36" of the Complaint.

37. Executive Risk denies each and every allegation contained in paragraph "37" of the Complaint.

38. Executive Risk denies each and every allegation contained in paragraph "38" of the Complaint.

39. Executive Risk denies each and every allegation contained in paragraph "39" of the Complaint.

40. Executive Risk each and every allegation contained in paragraph "40" of the Complaint.

41. Executive Risk denies each and every allegation contained in paragraph "41" of the Complaint.

## SECOND CAUSE OF ACTION
## (DECLARATORY REFLIEF)

42. With respect to the reallegations contained in paragraph "42" of the Complaint, Executive Risk repeats and realleges each and every above denial and other response to the allegations contained in paragraph "1" through "41" of the Complaint as if fully set forth at length herein.

43. Executive Risk denies each and every allegation contained in paragraph "43" of the Complaint.

44. Executive Risk denies each and every allegation contained in paragraph "44" of the Complaint.

45. Executive Risk admits each and every allegation contained in paragraph "45" of the Complaint.

46. With respect to paragraph "46" of the Complaint, Executive Risk respectfully refers all questions of law to the Court.

47. With respect to paragraph "47" of the Complaint, Executive Risk respectfully refers all questions of law to the Court.

48. Executive Risk denies each and every allegation contained in paragraphs "48" of the Complaint and respectfully submits all questions of law to the Court.

49. Executive Risk denies each and every allegation contained in paragraph "49" of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Executive Risk asserts the following affirmative defenses and other defenses without assuming any burden of proof or persuasion that would otherwise remain with Plaintiff.

## FIRST DEFENSE

Plaintiff's claims against Executive Risk are barred by the terms, exclusions, conditions, endorsements and limitations of the Policy.

## SECOND DEFENSE

Plaintiff cannot satisfy its burdens of proof.  Plaintiff bears the burden of proof to establish his status as an Insured and his entitlement to coverage under an Insuring Agreement of the Policy.  Plaintiff bears the burden of proof to establish his entitlement to coverage under any exception to an exclusion from coverage under an Insuring Agreement of the Policy.

**THIRD DEFENSE**

Plaintiff does not allege a "D&O Claim first made against [him] during the Policy Period" and, therefore, is not entitled to coverage under Section I(A) of the Directors & Officers Liability Coverage Section of the Policy.

**FOURTH DEFENSE**

Plaintiff does not allege that the Insured Organization, John Thomas Financial, has not indemnified him for Loss and, therefore, is not entitled to coverage under Section I(A) of the Directors & Officers Liability Section of the Policy.

**FIFTH DEFENSE**

Plaintiff is not entitled to recover Loss for which he has been indemnified by the Insured Organization, John Thomas Financial, and, therefore, cannot establish a threshold basis for entitlement to coverage under Section I(B) of the Directors & Officers Liability Coverage Section of the Policy.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the "General E&O Exclusion" at Endorsement No.2 to the Directors & Officers Liability Coverage Section of the Policy, which states as follows at paragraph (2):

> In addition to Section III Exclusion (D)(6) of the Coverage Section identified above, as amended, no coverage will be available under the Coverage Section identified above for any **D&O Claim** based upon, arising from, or in consequence of any actual or alleged error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted or allegedly committed or attempted in connection with the rendering of, or actual or alleged failure to render, any professional services for others by any person or entity otherwise entitled to coverage under the Coverage Section identified above.

## SEVENTH DEFENSE

Plaintiff's claims are barred by Section III(A)(9) of the Directors & Officers Coverage Section of the Policy, which provides, *inter alia*:

> No coverage will be available under this Coverage Section for any **Claim** against an **Insured**:
>
> (9) based upon, arising from, or in consequence of the actual or alleged violation of any **Securities Laws**; provided that this Exclusion (A)(9) shall not apply to any **Claim**:
>
> (a) based upon or arising out of the offering, sale or purchase of securities, whether debt or equity, in a transaction or a series of transactions that are in fact in law exempt from registration under the Securities Act of 1933 and any amendments thereto or any rules or regulations promulgated thereunder….

## EIGHTH DEFENSE

Pursuant to Section III(A)(10) of the Directors & Officers Liability Coverage Section of the Policy, as amended by Endorsement/Rider No. 3, Plaintiff is not entitled to recover Loss for any D&O Claim "based upon, arising from, or in consequence of any deliberately fraudulent act or omission or any willful violation of any statute or regulation…if a final judgment or final adjudication in any proceeding establishes such a deliberately fraudulent act or omission or willful violation."

## NINTH DEFENSE

Pursuant to Section III(A)(11) of the Directors & Officers Liability Coverage Section of the Policy, as amended by Endorsement/Rider No. 3, Plaintiff is not entitled to recover Loss for any D&O Claim "based upon, arising from, or in consequence of…having gained any profit, remuneration or other advantage to which such Insured Person was not

legally entitled, if a final judgment or final adjudication in any proceeding establishes the gaining of such a profit, remuneration or advantage."

## TENTH DEFENSE

If Plaintiff is entitled to any recovery, which is denied, then Plaintiff is not entitled to recover any amount incurred prior to the time a Claim was made and reported in accordance with the terms and conditions of the Policy.

## ELEVENTH DEFENSE

If Plaintiff is entitled to any recovery, which is denied, then such recovery is subject to the co-insurance amount in Item 9 of the General Terms and Conditions Section of the Policy.

## TWELFTH DEFENSE

Plaintiff is not entitled to recovery for any amount for which he has received payment from a collateral source including, but not limited to, John Thomas Financial or any other policy of insurance.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to recover costs, expenses or attorneys' fees incurred in this action.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Executive Risk has not knowingly or intentionally waived any applicable defenses, and reserves the right to assert and rely upon other applicable defenses that may become

available or apparent during discovery in this matter.  Executive Risk reserves the right to amend or seek to amend its answer and/or defenses.

## PRAYER FOR RELIEF

WHEREFORE, Executive Risk respectfully demands the entry of judgment in its favor and against Plaintiff as follows:

A. Dismissing the Complaint in its entirety with prejudice; and

B. Granting Executive Risk such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Executive Risk demands a jury trial of all issues and claims so triable.

Dated: New York, New York
March 27, 2018

LONDON FISCHER LLP

BY:   */s/ Lindsey LaFond*
Daniel W. London (DL9718)
Lindsey LaFond (LH0427)
59 Maiden Lane, 39th Floor
New York, New York 10038
E: dlondon@londonfischer.com
E: llafond@londonfischer.com
T: 212-331-9483

Attorneys for Defendant
EXECUTIVE RISK INDEMNITY, INC.

TO: Adam S. Ziffer
McKool Smith, P.C.
One Byrant Park, 47th Floor
New York, New York 10036

Attorneys for Plainitff

(VIA ECF)