# EXHIBIT 3

**NON-PUBLIC**

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION
October 19, 2012

| | |
|---|---|
| In the Matter of<br><br>**LIBERTY SILVER,**<br><br>NY-8844 | ORDER DIRECTING PRIVATE INVESTIGATION AND DESIGNATING OFFICERS TO TAKE TESTIMONY |

I.

The Commission's public official files disclose:

    A.    Liberty Silver Corp. ("Liberty Silver") is a Nevada corporation with its principal place of business located in Toronto, Ontario, Canada. Liberty Silver's common shares are quoted on the Toronto Stock Exchange under the symbol "LSL" and on the Over the Counter Bulletin Board under the symbol "LBSV," but they are not registered under Section 12 of the Securities Exchange Act of 1934 ("Exchange Act"). Liberty Silver was required to file periodic reports with the Commission under Section 15(d) of the Exchange Act until the end of the fiscal year following its registration statement that became effective on April 28, 2008 – i.e., until June 30, 2008. Starting on July 1, 2008, however, Liberty Silver's reporting obligations were suspended because it had fewer than 300 common shareholders of record. Liberty Silver has nevertheless been filing periodic reports, including Forms 10-K and 10-Q, on a voluntary basis, and filed its most recent 10-K on September 28, 2012.

    B.    On October 5, 2012, the Commission suspended trading in the securities of Liberty Silver through October 18, 2012.

II.

The Commission has information that tends to show that from at least April 2012:

    C.    In possible violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), Liberty Silver, its officers, directors, employees, partners, subsidiaries, shareholders and/or affiliates and other persons or entities, directly or indirectly, may have been or may be offering to sell, selling, and delivering after sale to the public, or may have been or may be offering to sell or to buy through the use or medium of any prospectus or otherwise, certain securities, including, but not limited to the securities of Liberty Silver, as to which no

registration statement was or is in effect or on file with the Commission, and for which no exemption was or is available.

   D.  In possible violation of Section 17(b) of the Securities Act, consultants, partners, shareholders and/or affiliates of Liberty Silver and/or others, may have published, given publicity to, or circulated, or may be publishing, giving publicity to, or circulating, any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer Liberty Silver's securities for sale, describes such security for a consideration received or to be received, directly or indirectly, without fully disclosing the receipt of such consideration and the amount thereof.

   E.  In possible violation of Section 17(a) of the Securities and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Liberty Silver and its officers, directors, employees, partners, subsidiaries, shareholders and/or affiliates, and/or other persons or entities, directly or indirectly, in the offer or sale or in connection with the purchase or sale of certain securities, may have been or may be employing devices, schemes, or artifices to defraud, making untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were or are made, not misleading, or engaging in acts, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon any person.

   F.  In possible violation of Section 9(a) of the Exchange Act, Liberty Silver and its officers, directors, employees, partners, subsidiaries, shareholders and/or affiliates, may have effected or may be effecting, alone or with one or more other persons, directly or indirectly, a series of transactions in securities registered on a national securities exchange, creating actual or apparent active trading in such securities, or raising or depressing the price of such securities, for the purpose of inducing the purchase or sale of such securities by others.

While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may be making use of any means or instruments of transportation or communication in interstate commerce, or of the mails, or of any facility of any national securities exchange.

### III.

The Commission, deeming such acts and practices, if true, to be possible violations of Sections 5, 17(a) and 17(b) of the Securities Act and Sections 9(a) and 10(b) of the Exchange Act and Rule 10b-5 thereunder, finds it necessary and appropriate and hereby:

ORDERS, pursuant to the provisions of Section 20(a) of the Securities Act and Section 21(a) of the Exchange Act, that a private investigation be made to determine whether any persons or entities have engaged in, or are about to engage in, any of the reported acts or practices or any acts or practices of similar purport or object; and

FURTHER ORDERS, pursuant to the provisions of Section 19(c) of the Securities Act, and Section 21(b) of the Exchange Act, that for purposes of such investigation, Andrew M. Calamari, Michael J. Osnato, Alix Biel, William Finkel, Peter Pizzani, Margaret Spillane, Simona Suh, Matthew Watkins, Karen Willenken, Terrence Bohan, Paul Eberhard and William Ostrow, and each of them, are hereby designated as officers of the Commission and are empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

For the Commission, by the Division of Enforcement, pursuant to delegated authority.[1]

Elizabeth M. Murphy
Secretary

By: *Jill M. Peterson*
Jill M. Peterson
Assistant Secretary

---

[1] 17 CFR 200.30-4(a)(13)

3