# EXHIBIT 4



# SUBPOENA

# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

**In the Matter of Liberty Silver Corp.  (NY-8844)**

To:   Abraham Mirman
      5 Stonehenge Ln
      East Northport, NY 11731

**YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at:
**United States Securities and Exchange Commission, 3 World Financial Center, Suite 400, New York, NY, 10281 on February 26, 2013 at 10:00 a.m.**

**YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at:

**United States Securities and Exchange Commission, ENF-CPU, 100 F St., N.E., Mailstop 5973 Washington, DC 20549-5973 on or before February 12, 2013 at 10:00 a.m.**

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
Failure to comply may subject you to a fine and/or imprisonment.

By: _____/s/ Margaret D. Spillane_____          Date:   January 30, 2013
      Margaret D. Spillane

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter.  The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS:  If claim is made for witness fee or mileage, this subpoena should accompany voucher.

**In the Matter of Liberty Silver (NY-8844)**
**Attachment to Subpoena Issued to Abraham Mirman**
**January 30, 2013**

A.     DEFINITIONS AND RULES OF CONSTRUCTION

     1.     The term "**document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, but not limited to, any written, printed, or typed matter in your possession, custody or control, including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.  A non-identical copy is a separate document within the meaning of this term.  The term "document" or "documentation" also includes emails, instant messages, text messages, voice recordings, and any other record of communication, whether in final or draft form.

     2.     Any document that can be accessed or retrieved from an Internet-based account (e.g., e-mail, instant messages, bank account, brokerage account) or requested from an entity (e.g., bank or telephone company) is within your possession, custody, or subject to your control.

     3.     "**Communication**" means the transmittal or attempted transmittal of information (in the form of facts, ideas, inquiries or otherwise).  Communication includes correspondence in all forms, whether sent or received.

     4.     "**Concerning**" means directly or indirectly, in whole or in part, relating to, referring to, describing, containing, embodying, identifying, stating, showing, memorializing, amending, reflecting, evidencing, constituting, or connected with in any way.

     5.     The connectives "**and**" and "**or**" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the subpoena all responses that might otherwise be construed to be outside of its scope.

     6.     "**All**," "**any**" and "**each**" are to be construed as encompassing any and all.

     7.     The use of the singular form of any word includes the plural and vice versa.

     8.     "**BG Capital**" means BG Capital Group and all of its all subsidiaries, parents, affiliates, predecessors, successors, officers, directors, employees, agents, contractors, principals, partnerships, limited and general partners, accountants, attorneys, and independent contractors,

1

wherever located, including but not limited to Robert Genovese, Kristie Ward, Stacey Vogel, Outlook Investments, Inc. and Look Back Investments, Inc.

      9.      "**Liberty Silver**" means Liberty Silver, Corp. and all of its all subsidiaries, parents, affiliates, predecessors, successors, officers, directors, employees, agents, contractors, principals, partnerships, limited and general partners, accountants, attorneys, and independent contractors, wherever located, including but not limited to Geoffrey Browne, William Tafuri, and Manish Kshatriya.

      10.      Any term used to identify a non-natural person or legal entity means such entity and all subsidiaries, parents, affiliates, predecessors, successors, officers, directors, employees, agents, contractors, principals, partnerships, limited and general partners thereof, and any aliases, code names, or trade or business names used by any of the foregoing.

**B.**      **INSTRUCTIONS**

      1.      Produce all documents within your possession, custody or control

      2.      Each document requested is to be produced in its entirety, without abbreviation, expurgation or redaction.

      3.      If copies of a document differ in any way, they are to be treated as separate documents, and you must produce each copy. For example, if you have two copies of the same letter, but only one of them is marked with handwritten notes, you must produce both the clean copy and the copy with notes.

      4.      You must maintain the originals of all the documents responsive to the subpoena, in the event production of the original documents is required at a later date.

      5.      With the documents, you should enclose a list briefly describing each item produced. The list should include the paragraph(s) in the subpoena attachment to which each item responds.

      6.      You should also include a cover letter stating whether you believe that you have met your obligations under the subpoena by searching carefully and thoroughly for all documents or materials required by the subpoena, and by producing all of the required documents and materials.

      7.      If, for any reason, you do not produce something required by the subpoena, you should submit a list of what you are not producing. The list should describe each item separately, noting: its author(s); its date; its subject matter; the name of the person who has the item now, or the last person known to have it; the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents; and the reason you did not produce the item.

      8.      If you withhold an item based on a claim of privilege, the list of withheld items should specify the privilege claimed. If you withhold anything on the basis of a claim of

attorney-client privilege or attorney work product protection, you should identify the attorney and client involved.

9. If any documents responsive to the subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such documents and give the date on which they were lost, discarded or destroyed.

10. Unless specified otherwise, the "**Relevant Period**" means **January 1, 2012** through the present.

**C.    DOCUMENTS TO BE PRODUCED**

1. All documents, communications and records of communications with or concerning Liberty Silver, BG Capital, or Robert ("Bobby") Genovese in your personal possession, custody or control, including but not limited to documents retained in or on personal files, telephonic devices, computers, and email accounts (e.g., avimirman@gmail.com).